**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2023**

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re: JACK JORDAN │ No. 22-808

---

## ORDER

---

Before **HOLMES**, Chief Judge, **KELLY**, and **PHILLIPS**, Circuit Judges.

---

This matter is before us to consider whether attorney Jack Jordan should be reciprocally disciplined in this court as a result of his disbarment by the Kansas Supreme Court. On November 21, 2022, after receiving the Kansas Supreme Court's order, this court issued an order to Mr. Jordan to show cause why he should not be similarly disbarred in this court.

Mr. Jordan has filed four pleadings in response to the show cause order: (1) a "Memorandum Showing Denial of Due Process of Law Regarding Proof Under the U.S. Constitution"; (2) a "Memorandum of Violations of Due Process of Law Regarding Opportunities to be Heard and Failures to Bear Burden of Proof"; (3) a "Memorandum Regarding Black-Collar Crime"; and (4) a sworn declaration. He has also attached portions of the record from the state disciplinary proceeding. Mr. Jordan argues that the Kansas disbarment violates the First Amendment and his due process rights. He also argues he was disbarred without proof of misconduct. For these reasons, he also asserts it would be a grave injustice for this court to impose reciprocal discipline.

A true copy

Teste
Christopher M. Wolpert
Clerk, U.S. Court of
Appeals, Tenth Circuit
By _____
Deputy Clerk

In a reciprocal discipline proceeding, this court does not exercise appellate review over a state court's disciplinary decision. *See Selling v. Radford*, 243 U.S. 46, 50 (1917) (explaining that federal courts lack authority to re-examine or reverse a state supreme court's disciplinary action against a member of its bar). This court will generally impose discipline similar to that imposed by the state court unless an intrinsic review of the record from the state disciplinary proceeding reveals (1) a lack of procedural due process because the attorney was denied notice and a fair opportunity to be heard; (2) insufficient proof of misconduct, or (3) some other "grave reason" which would render reciprocal discipline unjust. *See id.* at 51. It is the attorney's duty to provide the state record for this court's review. *See In re Harper*, 725 F.3d 1253, 1257 (10th Cir. 2013).

According to the portions of the record provided by Mr. Jordan, he received notice of his alleged violations of the Kansas Rules of Professional Conduct, filed a written answer in response, and appeared at hearings before the Kansas disciplinary panel and the Kansas Supreme Court. The Kansas Supreme Court set forth the evidence of Mr. Jordan's misconduct in its disbarment order. To the extent Mr. Jordan asks us to reexamine or reverse the Kansas Supreme Court's decision, we cannot.

In short, our review of the record has not revealed a lack of procedural due process, insufficient proof of misconduct, or other grave reason under *Selling* for this court to refuse to give reciprocal effect to the disbarment decision of the Kansas Supreme Court. Mr. Jordan's arguments to the contrary are largely frivolous and conclusory. Accordingly, Mr. Jordan's request for an evidentiary hearing is denied, *see* Tenth Circuit Rules, Addendum III, Plan for Attorney Disciplinary Enforcement, Section 8.1., and Mr.

A true copy
Christopher M. Wolpert
Clerk, U.S. Court of Appeals, Tenth Circuit
By _____
Deputy Clerk

Jordan is hereby disbarred from the practice of law in the United States Court of Appeals for the Tenth Circuit.

Mr. Jordan's name shall be stricken from this court's attorney admission roster. Readmission to practice in this court is conditioned upon the filing of an application that (1) demonstrates good cause why Mr. Jordan should be readmitted, (2) includes evidence showing that Mr. Jordan has been returned to good standing within the Kansas state court system, and (3) otherwise complies with the applicable provisions of this court's Plan for Attorney Disciplinary Enforcement.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

3

A true copy
Teste
  Christopher M. Wolpert
  Clerk, U.S. Court of
  Appeals, Tenth Circuit
By _____
  Deputy Clerk

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

January 3, 2023

Re: 22-808, *In re: Jordan*

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED STATES MAIL THIS DATE, ADDRESSED AS FOLLOWS:

Jack Jordan
3102 Howell Street
North Kansas City, MO 64116

Skyler B. O'Hara, Clerk
U.S. District Court for the District of Kansas
500 State Avenue
Kansas City, KS 66101

Office of the Disciplinary Administrator
Kansas Supreme Court
701 SW Jackson Street, 1st Floor
Topeka, KS 66603

US Supreme Court
1 First Street, NE
Washington, DC 20543

Catherine O'Hagan Wolfe, Clerk
US Court of Appeals for the 2nd Circuit
40 Foley Square
New York, NY 10007

Lyle W. Cayce, Clerk
US Court of Appeals for the 5th Circuit
600 Camp Street
New Orleans, LA 70130

Molly C. Dwyer, Clerk
US Court of Appeals for the 9th Circuit
95 7th Street
San Francisco, CA 9410

Mark Langer, Clerk
US Court of Appeals for the DC Circuit
333 Constitution Avenue, NW
Washington, DC 20001

Paige Wymore-Wynn, Clerk
US District Court for the District of
Western Missouri
400 East 9th Street
Kansas City, MO 64106

Brenna B. Mahoney, Clerk
US District Court for the District of
Eastern New York
225 Cadman Plaza East
Brooklyn, NY 11201

Nathan Ochsner, Clerk
US District Court for the District of
Southern Texas
515 Rusk Avenue
Houston, TX 77002

Lisa LeCours, Clerk
New York State Court of Appeals
20 Eagle Street
Albany, NY 12207

Ruby J. Krajick, Clerk
US District Court for the District of
Southern New York
500 Pearl Street
New York, NY 10007

                      by:    R. Stephens
                              Deputy Clerk

Mark Langer, Clerk
US Court of Appeals for the DC Circuit
333 Constitution Avenue, NW
Washington, DC 20001

**UNITED STATES COURT OF APPEALS**
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK
BYRON WHITE UNITED STATES COURTHOUSE
1823 STOUT STREET
DENVER, COLORADO 80257

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

DENVER CO 802
3 JAN 2023 PM





US POSTAGE
First-Class
$ 00.81
Mailed From 80257
01/03/2023
032A 0061863952

20001-286699